By the Court.
Counsel for the defendant in error relies upon the decision of this court in the City of Steubenville v. King, 23 Ohio St., 610, where it was held that “a conveyance of land to the county commissioners for a county road, the acceptance of the grant by the commissioners, the opening of the road by their order and its subsequent use as such ■ by the public, and by the proper authorities, constitute a legal public highway, notwithstanding the want of statutory proceedings for its establishment.” Applying this doctrine to the facts found by the circuit court it results that there is a legally constituted public highway upon the ground now occupied by the public in connection with the high level bridge, notwithstanding the want of statutory proceedings for its establishment. Since the absence of favorable action by viewers does not prevent the change of the road to the new level, it cannot serve to defeat the result of such change, which section 4669 of the Revised Statutes defines to be that “so much of the original road as is rendered unnecessary by such alteration * * * shall be and remain vacated.”

Judgment of the circuit cou/rt reversed and judgment for the plaintiffs in error.